EPHRAIM DRUCKER, Respondent, v. THE METROPOLITAN ELEVATED RAILWAY COMPANY and THE MANHATTAN RAILWAY COMPANY, Appellants.

*Elevated street railroads — damages to abutting property — nominal value of easements — findings and refusals to find — hearsay evidence on the question of value.*

In an action brought to recover damages arising from the diminished rental value of the plaintiff's premises, caused by the operation of an elevated railroad in the street on which the premises abut, where the plaintiff does not own the fee of any part of the street, and to obtain an injunction restraining the future operation of the road, a technical error of a referee in refusing to find, at the request of the defendant, that the easements appurtenant to the plaintiff's land, taken for railway uses, aside from any damages to the land from the taking, have in themselves only a nominal value, is harmless when it is apparent from the referee's findings and conclusions that the damages awarded, both rental and fee, were consequential only and not for any supposed value of the easements in and by themselves, and that the benefits resulting to the property from the construction and operation of the road were considered and taken into account in assessing the damages.

When hearsay and incompetent general statements, bearing upon the question of value, have been called out by the defendant in such an action, the defendant cannot complain if the plaintiff is permitted to elicit from the witness the particulars of such general statements.

APPEAL by the defendants, the Metropolitan Elevated Railway Company and the Manhattan Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 22d day of April, 1893, upon the report of a referee.

*R. L. Maynard*, for the appellants.

*Roger Foster*, for the respondent.

FOLLETT, J. :

Since April 28, 1887, the plaintiff has been the owner in fee of a lot fifty feet square, situate on the northeast corner of South Fifth avenue and Grand street, but he does not own the fee of any part of either street. On this lot is a brick building, the first floor of which is occupied by stores and saloons, and the upper floors mainly as abiding places for persons occupying rooms. The defendants' elevated road extends through South Fifth avenue in front of the

plaintiff's premises, and at the corner of the avenue and Grand street the defendants maintain a station for passengers.

This action was begun June 11, 1890, to recover damages for the diminished rental value of the property since the plaintiff became its owner, caused by the operation of the road, and for an injunction restraining its future operation.

The liability of the defendants for the damages caused, if any, is not denied, but it is alleged that by the construction and operation of the road, with a station at that place, the value of the property has increased and also its rental value. The referee found that the rental value from April 28, 1887, to February 25, 1893, the date of his report, was diminished by $1,536.86, or at the rate of about twenty-two dollars per month. He also held that the plaintiff was entitled to an injunction restraining the operation of the road, unless the defendants paid to the plaintiff $4,500 for the decreased value of the property.

The main point relied on for a reversal of the judgment is that the damages awarded, both rental and fee, are excessive. After reading the record, we are of the opinion that this position is untenable, and that the evidence is sufficient to sustain the report in this respect. The referee was asked by the defendants, but refused to find: " 12. The said easements, appurtenant to the plaintiff's land, taken for the said railway uses, aside from any damages to said land from the said taking, have in themselves only a nominal value."

This was a technical error, but it is apparent that the defendants were not harmed thereby. The referee found :

" IX. That by the injuries done and committed by the defendants as aforesaid, the rental value of the plaintiff's said premises has been damaged over and above any benefit resulting from the construction, maintenance and operation of the defendants' railroad and station, to the amount of two hundred and sixty-five dollars ($265) per year from April 28, 1887, to the date of this report, or in the total of one thousand five hundred and thirty-six and $\frac{36}{100}$ dollars ($1,536 $\frac{36}{100}$).

" X. The value of the easements of light, air and access of the plaintiff in said South Fifth avenue, appurtenant to the premises above described, taken, appropriated and used by the defendants in the maintenance and operation of said elevated railroad and station,

and the damage to the fee value of plaintiff's said property in consequence of said taking, appropriating and use, is the sum of four thousand five hundred dollars ($4,500), over and above any benefits resulting to said premises from the construction, maintenance and operation of said railroad and station."

"XXII. The existence and operation of the defendants' railroad in South Fifth avenue, together with the station at South Fifth avenue and Grand street, has rendered the premises in suit far more accessible than they otherwise would be."

He held as a conclusion of law :

"3. Plaintiff is not entitled to recover damages in this action except to the extent, if any, by which the disadvantages of the defendants' railroad have exceeded the advantages thereof to said premises."

By the three findings quoted, which are quite consistent with the other facts found, and the conclusion of law, it is apparent that the damages awarded were consequential only, not for any supposed value of the easements in and by themselves, and that the benefits resulting to the property from the construction and operation of the road and its station were considered and taken into account in assessing the damages.

Victor Levi, a real estate agent, sworn in behalf of the plaintiff as an expert in real estate and rental values, testified on his cross-examination : " About 1870 to 1872 or 1873 there was a considerable of a boom in South Fifth avenue property. There was talk about that time among real estate men of South Fifth avenue becoming a second Broadway."

On the redirect examination the following occurred : " Q. Please state all that was said in your hearing in regard to South Fifth avenue becoming a second Broadway, as testified by you in your cross-examination ? [Objected to as incompetent, immaterial and irrelevant, calling for hearsay evidence, and improper. Objection overruled. Exception to defendants.] A. Well, the different hat and cap men were coming into South Fifth avenue, putting up buildings, and they were immediately occupied, and owners and speculators said and told me at the time that they expected that lots on South Fifth avenue would be as high as Broadway would be, on account of its being a continuous street, running through from

Chambers street up through the city, and in consequence of its breadth."

It is difficult to see why the opinion of real estate men called out by the defendants in the first instance was important, but if the general statements were relevant the particulars were not irrelevant. It is urged that the ruling above set forth was error. The evidence was clearly hearsay and incompetent, but it was first called out by the defendants, and they cannot complain that the plaintiff was permitted to give the particulars.

The other exceptions to the rulings upon the trial require no comment.

The judgment should be affirmed, with costs.

PARKER, J., concurred; VAN BRUNT, P. J., concurred in the result.

Judgment affirmed, with costs.